IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| ANDREW H. HILGAR,  )<br>  )<br>   Plaintiff,  )<br>  )<br>v.  )<br>  )<br>CARROLL COUNTY, TENNESSEE, and  )<br>ANDY DICKSON,  )<br>  )<br>   Defendants.  )<br>  ) | Case No. 1:23-cv-1076-STA-jay |

**ORDER GRANTING MOTION TO DISMISS OF CARROLL COUNTY
AND PARTIALLY GRANTING AND PARTIALLY DENYING
MOTION TO DISMISS OF ANDY DICKSON**

Plaintiff Andrew H. Hilgar filed this action pursuant to 42 U.S.C. § 1983 against Carroll County, Tennessee, Carroll County Sheriff Andy Dickson, and various unnamed Carroll County deputies and medical providers, alleging that they violated his Fourteenth Amendment rights.[1] Defendant County has filed a motion to dismiss (ECF No. 12), as has Defendant Dickson. (ECF No. 14.)  Plaintiff has filed a response to the County's motion (ECF No. 13) and a response to Defendant Dickson's motion. (ECF No. 17.) Both defendants have filed replies. (ECF Nos. 16, 18.)  For the reasons set forth below, the motion to dismiss of Defendant County is **GRANTED**. The motion to dismiss of Defendant Dickson is **PARTIALLY GRANTED** and **PARTIALLY DENIED**.

---

[1] Because Plaintiff was a pretrial detainee, the Fourteenth Amendment rather than the Eighth Amendment applies to his claims. *See Estate of Carter v. City of Detroit*, 408 F.3d 305, 311 (6th Cir. 2005) (explaining that pretrial detainees have a right under the Fourteenth Amendment to adequate medical treatment - a right that is analogous to the right of prisoners under the Eighth Amendment).

Standard of Review

A complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). When considering a Rule 12(b)(6) motion, the Court must treat all of the well-pleaded allegations of the pleadings as true and construe all of the allegations in the light most favorable to the non-moving party. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Saylor v. Parker Seal Co.*, 975 F.2d 252, 254 (6th Cir. 1992). Under *Twombly* and *Iqbal*, Rule 8(a)'s liberal "notice pleading" standard requires a complaint to contain more than a recitation of bare legal conclusions or the elements of a cause of action. Instead, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

As an initial matter, Plaintiff has requested the opportunity to conduct discovery if the Court is inclined to grant either motion to dismiss. However, a plaintiff is generally not entitled to discovery before a motion to dismiss has been decided. Allowing such discovery undermines the purpose of Federal Rule of Civil Procedure 12(b)(6), which is "to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003); *accord Kolley v. Adult Protective Servs.*, 725 F.3d 581, 587 (6th Cir. 2013) ("A plaintiff is not entitled to discovery before a motion to dismiss, and dismissal under Rule 12(b)(6) helps protect defendants from expending resources on costly

discovery for cases that will not survive summary judgment."). Therefore, the Court rejects Plaintiff's request to be allowed to conduct discovery before the Court rules on the motions to dismiss.

Background

The complaint alleges as follows.[2] Plaintiff has been diagnosed with paranoid schizophrenia.[3] His condition is allegedly under control as long as he is on his medication. In mid-2021 Plaintiff's mother and ex-wife passed away, after which he suffered a mental health crisis and stopped taking his medication. This resulted in erratic behaviors, and Plaintiff briefly underwent treatment in a facility located in Arkansas. He left that facility against medical advice. Afterwards, Plaintiff "engaged in a series of odd, but non-violent behaviors." Plaintiff decided to travel to Florida. On his way, while passing through Carroll County, Plaintiff fled from unidentified police officers who attempted to pull him over. During his flight, he wrecked his vehicle and backed into a police cruiser.

Plaintiff was arrested and then detained at the Carroll County Jail. During this time, Plaintiff Carroll County, Sheriff Andy Dickson, and unknown medical providers allegedly did not give him his psychological medications. Additionally, Carroll County and Sheriff Dickson allegedly did not provide him with necessary sustenance which resulted in his losing eighty pounds during his incarceration. Also while Plaintiff was incarcerated, unknown deputies "inflicted a severe physical beating" on Plaintiff and "smashed" his head against a toilet."[4]

Plaintiff alleges that these actions by Defendants violated his constitutional rights to adequate medical care and to be free from unreasonable force.

---

[2] The facts are stated only for the purpose of deciding these motions.
[3] In their motions, Defendants have not disputed that Plaintiff had serious mental health needs.
[4] As of this date, the "unknown deputies" have not been identified.

3

<u>Analysis</u>

<u>Section 1983</u>

Section 1983 imposes liability on any "person who, under color of any statute, ordinance, regulation, custom or usage, of any State" subjects another to "the deprivation of any rights, privileges, or immunities secured by the Constitution or laws." 42 U.S.C. § 1983.  In order to prevail on such a claim, a § 1983 plaintiff must establish "(1) that there was the deprivation of a right secured by the Constitution and (2) that the deprivation was caused by a person acting under color of state law." *Wittstock v. Mark A. Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003). "Section 1983 is not the source of any substantive right, but merely provides a method for vindicating federal rights elsewhere conferred."  *Humes v. Gilless*, 154 F. Supp. 2d 1353, 1357 (W.D. Tenn. 2001) (citing *Graham v. Connor*, 490 U.S. 386, 393-94 (1989)).

<u>Defendant Carroll County</u>

Defendant County has moved to dismiss the claims against it on the ground that the complaint fails to adequately plead that a specific policy or custom of Defendant was the moving force behind the alleged constitutional deprivation as required by *Monell v. Dept. of Soc. Servs. of New York*, 436 U.S. 658, 691 (1978).  Instead, according to Defendant, Plaintiff has pled generally and insufficiently that Defendant is liable for its failure to train and/or supervise its law enforcement officers.

Generally, local governments such as Defendant County are not considered to be "persons" under § 1983 and, thus, are not subject to suit.  *Id.* at 691.  However, when "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the [complained of] injury [,]" municipalities and other local governments are considered a "person" for purposes of § 1983. *Id.* at 694; *see also Bd. Of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell*).

"Under § 1983, local governments are responsible only for their own illegal acts" and may not be held vicariously liable for the actions of their employees. *D' Ambrosio v. Marino*, 747 F.3d 378, 386 (6th Cir. 2014) (quoting *Connick v. Thompson*, 563 U.S. 51, 60 (2011)). That is, § 1983 liability does not attach to a municipality based on the actions of its employee tortfeasors under the doctrine of respondeat superior; instead, such liability may only be imposed on the basis of the municipality's own custom or policy. *Monell*, 436 U.S. at 691.

Thus, plaintiffs who seek to impose liability on local governments under § 1983 must prove that an action pursuant to an official policy or custom caused their injury. *Id.* "[T]he official policy must be 'the moving force of the constitutional violation' in order to establish the liability of a government body," *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (quoting *Monell*, 436 U.S. at 694), and that body may be held liable only for constitutional violations resulting from its official policy. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478 n. 6 (1986) (citations omitted). Official municipal policy includes the decisions of a government's lawmakers or the acts of its policymaking officials. *Id.* at 480 – 481 (1986). A municipality's "policies" are "decisions of its duly constituted legislative body or those officials whose acts may fairly be said to be those of the municipality," *Bryan Cnty.*, 520 U.S. at 403-04, while a "custom" is a practice that, while not formally approved, "may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law." *Id.* at 404. A custom can be one of action or inaction and need not be formally approved by the entity. *City of Canton v. Harris*, 489 U.S. 378, 404 (1989).

Absent proof it resulted from an unconstitutional policy or custom, a county is not liable for a single incident resulting in a constitutional violation. *Oklahoma City v. Tuttle*, 471 U.S. 808, 823-824 (1985). Furthermore, a county is not liable unless there is an "affirmative link between the policy and the particular constitutional violation alleged" or "causal connection." *Id.* Thus, a

5

plaintiff must "identify the policy, connect the policy to the municipality itself, and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993).

In his complaint, Plaintiff alleges that Defendant County maintained unconstitutional policies regarding the force used by its officers, failed to train and supervise its officers, and acquiesced in prior unconstitutional actions. Plaintiff specifically alleges that "Defendants Sheriff Dickson and Carroll County, upon information and belief, had a custom or policy of failing to provide deputies such as Unknown Deputies with proper training regarding permissible circumstances for using force and of failing to properly advise such officers." (Cmplt. ¶ 37). "Additionally, upon information and belief, Defendants have been subjected to similar complaints in the past and have tolerated or acquiesced in those violations of federal rights or failed to take proper precautions to prevent individuals such as Unknown Deputies from engaging in further misconduct." (*Id.*, ¶ 38).

As pointed out by Defendant, pleading "upon information and belief" without any factual support is disfavored post-*Twombly* and *Iqbal*. *See 16630 Southfield Ltd. P'ship v. Flagstar Bank*, 727 F.3d 502, 506 (6th Cir. 2013) (finding a series of "upon information and belief" claims to be insufficient because the plaintiffs "have merely alleged their 'belief'" - "These are precisely the kinds of conclusory allegations that *Iqbal* and *Twombly* condemned and thus told us to ignore when evaluating a complaint's sufficiency."); *accord Spencer v. City of Hendersonville*, 487 F. Supp. 3d 661, 695 (M.D. Tenn. 2020), *aff'd*, 2021 WL 8016828 (6th Cir. Oct. 8, 2021) (citing *In re Darvocet Products Liab. Litig.*, 756 F.3d 917, 931 (6th Cir. 2014), *Twombly*, and *Flagstar Bank* and finding the plaintiff's allegations to be "conclusory or based 'upon information and belief,' with no supporting detailed factual allegations that demonstrate a reasonable basis for that belief."); *Hall v. Metro. Gov't of Nashville & Davidson Cnty.*, 2018 WL 305751, at *7 (M.D. Tenn.

6

Jan. 5, 2018) (also citing *Twombly*, *Darvocet*, and *Flagstar Bank*).[5] The lack of factual support for Plaintiff's allegations, thus, must play a part in the Court's analysis of Defendants' motions to dismiss.

"[A] local government's decision not to train [or supervise] certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983." *Connick*, 563 U.S. at 61. To succeed on a failure to train or supervise claim, a plaintiff must show that (1) the training or supervision was inadequate for the tasks performed; (2) the inadequacy was the result of the municipality's deliberate indifference; and (3) the inadequacy was closely related to or actually caused the injury. *Ellis v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006). Here, Plaintiff has failed to identify any specific policy, rule, custom, or procedure maintained by Defendant County that led to his injury.

> In addition, a plaintiff asserting constitutional deprivations arising from a failure to train or supervise must, more specifically, allege facts regarding "prior instances of unconstitutional conduct demonstrating that the [government entity] has ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury." *Fisher v. Harden*, 398 F.3d 837, 849 (6th Cir. 2005). A motion to dismiss is properly granted on a failure to train and supervise claim where a plaintiff fails to allege "*any* facts that there were prior instances of similar misconduct so as to show that [the defendant] was on notice that its training and supervision with respect to the use of force and medical treatment was deficient." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (emphasis in original); *see also Austin v. City of Cincinnati*, No. 1:15-CV-608, 2015 WL 5680382, at *3 (S.D. Ohio Sept. 25, 2015) (finding dismissal warranted because "[t]he complaint fails to cite a single prior instance or statistic in support of this claim"), report and recommendation adopted, No. 1:15-CV-608, 2016 WL 1718264 (S.D. Ohio Apr. 28, 2016).

---

[5] This is not to say that the mere use of the words "information and belief" is fatal to a complaint. If allegations are pled upon "information and belief," a claim may still be plausible according to the *Twombley/Iqbal* standard under certain circumstances. *See Thurman v. City of Frankfort*, 2022 WL 701009, at *5 (E.D. Ky. Mar. 8, 2022) (explaining that, in circumstances in which a plaintiff pleads "upon information and belief," the plaintiff "must plead supporting facts which render [its] claim plausible beyond just [its] personal belief that it is true.")

*McCoy v. Carlson*, 2020 WL 419439, at *4 (S.D. Ohio Jan. 27, 2020), report and recommendation adopted, 2020 WL 635781 (S.D. Ohio Feb. 11, 2020).

In this case, Plaintiff has alleged no facts showing a history or pattern of unconstitutional decision-making by the policymakers for Defendant County or even "a single prior instance or statistic in support of this claim"; instead, he merely speculates that "similar complaints" have been made by unidentified persons at unknown times. The mere fact that Defendant County may have previously been sued for alleged prisoner civil rights violations does not meet the pleading standard of *Iqbal* and *Twombly*. *See*, *e.g.*, *Brown v. Cuyahoga Cty.*, 517 Fed. App'x 431, 436 (6th Cir. 2013) (holding that the broad assertion that an unconstitutional policy or custom exists "is nothing more than a bare recitation of legal standards" and is insufficient).

Plaintiff has provided no facts concerning what the County's training policies were, why they were inadequate, how the County was deliberately indifferent, or how any alleged failures in training or supervision related to his injuries. "Plaintiff's use of phrases such as 'failure to train,' [and] 'failure to supervise' ... is meaningless without any factual allegations." *Mitchell v. City of Hamilton*, 2012 WL 701173, at *5 (S.D. Ohio Mar. 1, 2012) (quoting *Johnson v. Gannon*, 2010 WL 1658616, at *4 (M.D. Tenn. Apr. 23, 2010).

> To plead a § 1983 claim based on a failure to train sufficient to withstand a Rule 12(b)(6) motion after *Iqbal* and *Twombly*, the plaintiff must plead more facts than those that constitute the alleged underlying constitutional violation. *See Hill v. City of Cincinnati*, No. 1:09–cv–800, 2010 WL 3257725, at *5 (S.D. Ohio Jul. 16, 2010) (dismissing claim against the city where the plaintiff pleaded "only facts [that] ... relate to her individual circumstances"), report and recommendation adopted by, 2010 WL 3257727 (S.D. Ohio Aug. 17, 2010); *Scrap Yard, LLC v. City of Cleveland*, No. 1:10 CV 2465, 2011 WL 3900571, at *4 (N.D. Ohio Sep. 6, 2011) (dismissing claims that were "founded on 'a single set of allegedly wrongful acts'" rather than on "violations [that] occurred pursuant to the City of Cleveland's policy or custom."). The plaintiff should plead facts regarding the nature of the training and supervision provided to the officers. The plaintiff also should plead facts demonstrating deliberate indifference, such as facts that policymakers "were on notice as to constitutional violations by officers" or "that a pattern of similar constitutional violations [has] occurred." *Mason v. City of Warren Police Dep't*,

8

> No. 10–cv–14182, 2011 WL 5025841, at *12 (E.D. Mich. Oct. 21, 2011). Here, Mitchell has pleaded facts concerning only a single set of wrongful acts towards him, not a policy or custom of inadequate training or supervision.

*Mitchell*, 2012 WL 701173, at *5.

Because Plaintiff has "pleaded facts concerning only a single set of wrongful acts towards him, not a policy or custom of inadequate training or supervision," he cannot maintain a § 1983 against Defendant County.

Defendant Dickson

Plaintiff has brought claims against Defendant Dickson in his individual and official capacity as sheriff of Carroll County. In a § 1983 action, claims against officers in their official capacities are duplicative of claims against the county, *see Simpkins v. Boyd Cnty. Fiscal Ct.*, 2022 WL 17748619, at *5 (6th Cir. Sept. 2, 2022), and it is well-settled that those claims should be dismissed as redundant when the plaintiff also sues the government entity as has been done in this case. *See e.g.*, *Shepherd v. Floyd County*, 128 F. Supp. 3d 976, 977-78 (E.D. Ky. 2015). Consequently, the Court grants the portion of the motion seeking dismissal of the official capacity claims against Defendant Dickson.

As for the individual capacity claims, § 1983 imposes liability on any "person who, under color of any statute, ordinance, regulation, custom or usage, of any State" subjects another to "the deprivation of any rights, privileges, or immunities secured by the Constitution or laws." 42 U.S.C. § 1983. In order to prevail on such a claim, a § 1983 plaintiff must establish "(1) that there was the deprivation of a right secured by the Constitution and (2) that the deprivation was caused by a person acting under color of state law." *Wittstock v. Mark A. Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003). "Section 1983 is an individual liability statute and thus [the plaintiff] bears the burden of 'specifically link[ing] the officer's involvement to the constitutional infirmity.'" *Przybysz v. City of Toledo*, 746 Fed. App'x. 480, 483 (6th Cir. 2018). Thus, under *Twombly*, a plaintiff must

9

attribute specific factual allegations to each defendant. When a person is named as a defendant without an allegation of specific conduct, the complaint against that defendant is subject to dismissal. *See Gilmore v. Corr. Corp. of Am.*, 92 Fed. App'x 188, 190 (6th Cir. 2004) (dismissing complaint when plaintiff alleged only that the defendant violated his constitutional rights). "Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983." *Id.* (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978)). Instead, "a complaint must contain either direct or inferential factual allegations against individual defendants respecting the material elements of some viable legal theory to satisfy federal notice pleading requirements." *Cummings v. Ohio Dep't of Rehab. & Corr.*, 2020 WL 4432923, at *1 (N.D. Ohio July 31, 2020) (citation omitted).

In the present case, Plaintiff allege that Defendant Dickson violated his constitutional rights by being deliberately indifferent to his serious medical and mental health needs. Although Defendant contends that Plaintiff has provided no factual support for his claim against him, Plaintiff has specifically alleged that Defendant Dickson, as well as Carroll County and unknown medical providers, did not provide him with his required psychological medications during his incarceration. Additionally, Defendant Dickson allegedly did not provide him with necessary sustenance which resulted in his losing eighty pounds during his incarceration.

The Court finds that a jury's determination that Defendant Dickson did in fact withhold "required psychological medication" and "necessary sustenance" from Plaintiff while he was incarcerated could support an additional determination that Defendant was deliberately indifferent to Plaintiff's serious medical and mental health needs. Because these allegations meet the requirements of *Twombly* and *Iqbal* that a complaint contain sufficient factual content to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Twombly*, 550 U.S. at 556, the motion to dismiss this claim is denied.

10

However, to the extent that Plaintiff has attempted to plead a failure to train and/or supervise claim against Defendant Dickson, the Court finds that this claim must be dismissed for the same reasons that the claim must be dismissed against Defendant County as explained above. That is, Plaintiff has not met *Twombly/Iqbal*'s plausibility standard for the failure to train/supervise claims against either Defendant.

Defendant also asserts that he is entitled to qualified immunity. An individual defendant in a § 1983 suit is immune from liability for civil damages when his "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Waeschle v. Dragovic*, 576 F.3d 539, 543 (6th Cir. 2009) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)). To determine whether qualified immunity is warranted, a court must ask: (1) whether the alleged facts, taken in the light most favorable to the party asserting the injury, show that the official's conduct violated a constitutional right; and (2) whether the constitutional right was clearly established in the specific context so that a reasonable official would understand that he is violating that right. *Saucier v. Katz*, 533 U.S. 194, 202 (2001). The right of a pretrial detainee to be free from deliberate indifference in the provision of medical care for a serious medical need is well established. *See, e.g.*, *Gomez v. City of Memphis, Tennessee*, 2021 WL 1647923, at *7 (W.D. Tenn. Apr. 27, 2021). And, as discussed above, taking the facts in the light most favorable to Plaintiff, the Court has found that Plaintiff has sufficiently alleged that Defendant Dickson's actions/inactions in withholding medication and sustenance violated that right. Because of the undeveloped record at this stage of the proceedings, the Court denies Defendant's defense of qualified immunity without prejudice, to be later raised if deemed warranted by Defendant.

<u>Unnamed Defendants</u>

Plaintiff has purported to sue various unnamed defendant officers and medical providers. Because these officers and providers have not been named, they have not been served with process.

11

Accordingly, the Court will dismiss Plaintiff's claims against these unnamed defendants unless he demonstrates good cause within fourteen (14) days of this order why they have not been identified and served within the requisite time pursuant to Federal Rule of Civil Procedure 4(m).

### Summary and Conclusion

The motion to dismiss of Defendant Carroll County is **GRANTED**, and Carroll County is hereby **DISMISSED** from this action. The motion to dismiss of Defendant Andy Dickson is **PARTIALLY GRANTED** and **PARTIALLY DENIED**. The motion is granted as to the official capacity claim against Defendant Dickson and the failure to train and/or supervise claim. The motion is denied on all other claims against Defendant Dickson. Plaintiff will have fourteen (14) days in which to show cause why the unnamed defendants should not be dismissed.

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
United States District Judge

Date: November 17, 2023.